**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **WILLIE R. GILES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No.     CIV-04-1650-M** |
| **JO ANNE B. BARNHART,** | ) | |
| **Commissioner of the Social** | ) | |
| **Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# FINDINGS & RECOMMENDATION
# OF MAGISTRATE JUDGE

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying his application for disability insurance benefits (DIB) under 42 U.S.C. §§416(i) and 423 of the Act.  This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED and REMANDED for further administrative proceedings**.

## PROCEDURAL HISTORY

Plaintiff filed his application for DIB on May 7, 2002 alleging a disability since August 9, 2001 (TR. 44-46). The application was denied on initial consideration and on reconsideration at the administrative level (TR. 19, 20).  Pursuant to the Plaintiff's request, a hearing de novo was held before an administrative law judge (ALJ) on February 12, 2004 (TR. 304-335). The Plaintiff appeared in person and with his attorney and offered his testimony in support of the application (TR. 307-328).  A vocational expert (VE) testified at the request of the ALJ (TR. 328-334). The ALJ issued his decision on July 16, 2004 finding that Plaintiff was not entitled to DIB (TR. 14-17). The

Appeals Council denied the Plaintiff's request for review on October 15, 2004, and thus, the decision of the ALJ became the final decision of the Commissioner (TR. 6-8).

## STANDARD OF REVIEW

The Tenth Circuit case of Casias v. Secretary of Health & Human Services, 933 F.2d 799, 800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. (citations omitted). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (citations omitted). In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. (citations omitted). We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. (citations omitted). If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. (citations omitted).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." Trimiar v. Sullivan, 966 F.2d 1326, 1329 (10th Cir. 1992) (citations omitted).

## DISCUSSION & FINDINGS

In addressing the Plaintiff's disability application the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520.  At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity for the relevant period so the process continued (TR. 16).  At step two, the ALJ concluded that the Plaintiff had severe mental difficulties (TR. 16). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments which meet or equal any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 16). At step four, the ALJ found that Plaintiff lacked the residual functional capacity (RFC) to perform his past relevant work (PRW) (TR. 17).

At the point that step five is reached, a disability preventing prior work activity has been shown and the burden shifts to the Commissioner to show that the claimant retains the ability to perform an alternative work activity which exists in the national economy. Sorenson v. Bowen, 888 F.2d 706, 710 (10th Cir. 1989); Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).  The ALJ found that Plaintiff had the RFC to perform a full range of light work subject to the following slight to moderate mental restrictions:

> Moderate limitation in understanding and remembering detailed instructions, carrying out detailed instructions, interacting appropriately with supervisors, responding appropriately to work pressures in a usual work setting but he is still able to function satisfactorily. He has mild limitations in his ability to make judgments on simple work related decisions, interacting appropriately with the public, interacting appropriately with coworkers and responding appropriately to changes in a routine work setting, but he can generally function well in these areas

(TR. 15).  The ALJ further found that Plaintiff could perform other jobs which existed in significant numbers in both the national and regional economies (TR. 16, 17).  By considering the testimony of the VE, the ALJ determined that the Plaintiff was not disabled within the meaning of the Social Security Act and was therefore not entitled to DIB (TR. 17).

On appeal to this Court, Plaintiff argues that the ALJ erred at step three of the sequential evaluation process by not finding that Plaintiff met either Listing 12.06 Anxiety Related Disorders or Listing 12.04 Affective Disorders; and that the ALJ improperly ignored the medical evidence and opinions of Plaintiff's treating physicians.

### Medical Evidence

In May 2002 Plaintiff was examined by Stephen E. Smedlund, M.D., who found him to be alert, oriented and in no acute distress (TR. 131).  Dr. Smedlund performed a "mini-mental state examination" in which Plaintiff scored 29 out of a possible 30 points (TR. 131). Dr. Smedlund's impression was that Plaintiff was suffering from "subjective memory loss" (TR. 131).  After a June

2002 return visit Dr. Smedlund reported that an MRI scan of Plaintiff's brain was normal; and that an EEG was "generally normal", although there were "times of diffuse slowing" which he described as nonspecific and may be seen in any of a number of conditions that affect the cerebral cortex in a diffuse or generalized way" (TR. 128, 127).

Also in June 2002 Plaintiff was examined by his treating physician, Patricia McKnight, M.D. (psychiatrist), who found that Plaintiff showed "a great deal of anxiety and has anxiety about his public speaking and performance on the job, and going to public places" (TR. 138). Dr. McKnight described Plaintiff's history of treatment which included a total of 61 sessions for psychotherapy and mediation management beginning in March 1999 and ending in January 2002 (TR. 138). She found that Plaintiff's symptoms improved with treatment, but toward the end of his treatment he had difficulty and was fired (TR. 138).  Dr. McKnight stated that after being fired, Plaintiff's anxiety symptoms increased (TR. 138). Her opinion was that Plaintiff's symtomatology "falls into the anxiety disorder area.   He definitely has panic attacks, with and without agoraphobia."   Dr. McKnight further opined that "I think the agoraphobia waxes and wanes according to the treatment. He responded to the treatment here, but subsequent stressors exacerbated his symptomatology" (TR. 138). Her diagnosis was of "Panic Disorder, with and without Agoraphobia" (TR. 138).

In June 2002, Plaintiff's treating physician, J.L. Zamberlin, Ph.D., diagnosed Plaintiff as having major depression, anxiety disorder and PTSD (TR. 179).   Dr. Zamberlin stated that Plaintiff's mood during three different examinations was "anxious and depressed"; and that when under stress Plaintiff becomes very anxious and reports forgetfulness, confusion, disorientation, memory problems and panic attacks (TR. 179). Dr. Zamberlin also stated that Plaintiff can "sometimes & other times no" remember, comprehend and carry out simple instructions on an

independent basis and respond to work pressure, supervision and coworkers, noting that Plaintiff was terminated for failing to carry out simple instructions (TR. 179).

In July 2002, Plaintiff's treating physician, Theresa Garton, M.D., examined him and reported that he was mildly to moderately anxious throughout the examination (TR. 145).  She diagnosed Plaintiff with "PTSD" and prescribed medication for its treatment (TR. 145, 144, 143, 142, 141, 140, 139).

In March 2004 Plaintiff underwent a consultative examination performed by Richard H. Zwink, Ph.D. (clinical psychologist), who diagnosed Plaintiff as having a panic disorder with agoraphobia and a general anxiety disorder (TR. 268). Dr. Zwink stated that Plaintiff's condition appeared to be static even though he had multiple therapeutic experiences (TR. 268).

# I.

Plaintiff argues that he meets or equals the listing of impairments at either Listing 12.06 Anxiety Related Disorders or Listing 12.04 Affective Disorders (See Plaintiff's Brief at p. 7-12).  At step three of the sequential evaluation process, a claimant's impairment is compared to the Listings (20 C.F.R. Pt. 404, Subpt. P, App. 1).  If the impairment is equal or medically equivalent to an impairment in the Listings, the claimant is presumed disabled.  A plaintiff has the burden of proving that a Listing has been equaled or met.  Bowen v. Yuckert, 482 U.S. at 140-42 (1987); Williams v. Bowen, 844 F.2d at 750-51 (10th Cir. 1988).  In his decision, the ALJ is "required to discuss the evidence and explain why he found that [the claimant] was not disabled at step three." Clifton v. Chater, 79 F.3d 1007 (10th Cir. 1996).

It is apparent from the ALJ's decision that he failed in his duty to discuss the evidence and explain why he found that Plaintiff was not disabled at step three.  Clifton at 1008.  The ALJ offers only a conclusory statement that Plaintiff's "does not have an impairment or combination of

impairments listed in or medically equal to one listed in Appendix 1, Subpart P, of Regulations No. 4" (TR. 16).  The ALJ's meager discussion of the evidence is wholly inadequate.

In Clifton the ALJ did not discuss the evidence or his reasons for determining that the claimant was not disabled at step three, or even identify the relevant listing. The ALJ merely stated a summary conclusion that the claimant's impairments did not meet or equal any listed impairment. The ALJ failed to discuss why the elements of the appropriate listing were not met in this case and further failed to identify the listing (TR. 15).  In short, the ALJ in this case made the same type of summary conclusion as the ALJ in Clifton.  In Clifton, the Tenth Circuit held that such a bare conclusion was beyond any meaningful judicial review.  Clifton at 1009.

In particular, the Tenth Circuit held as follows:

> Under the Social Security Act,
>
> [t]he Commissioner of Social Security is directed to make findings of fact, and decisions as to the rights of any individual applying for a payment under this subchapter.  Any such decision by the Commissioner of Social Security which involves a determination of disability and which is in whole or in part unfavorable to such individual shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based.
>
> 42 U.S.C. 405(b)(1). . . .
>
> This statutory requirement fits hand in glove with our standard of review.  By congressional design, as well as by administrative due process standards, this court should not properly engage in the task of weighing evidence in cases before the Social Security Administration.  42 U.S.C. 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). . . .  Rather, we review the  [Commissioner's] decision only to determine whether his factual findings are supported by substantial evidence and whether she applied the correct legal standards. . .
>
> In the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant

> evidence adequately supports the ALJ's conclusion that [the claimant's] impairments did not meet or equal any Listed Impairment, and whether he applied the correct legal standards to arrive at that conclusion.  The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence. . . .   Rather, in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects. . . . Therefore, the case must be remanded for the ALJ to set out his specific findings and his reasons for accepting or rejecting evidence at step three.

Clifton, at 1009-10 (internal case citations omitted).

The undersigned wishes to make it clear, however, that he is in no way expressing an opinion as to whether Plaintiff actually meets or equals Listing 12.06 or 12.04.  Rather, the undersigned is simply recommending that this case be remanded so that the ALJ can adequately discuss his conclusions in connection with Listings 12.06 and 12.04.  Only then can this Court review the ALJ's decision in connection with the relevant listings.

## II.

Plaintiff also contends that the ALJ improperly ignored the medical evidence offered by his treating physicians, Dr. Garton and Dr. Zamberlin (See Plaintiff's Brief at p. 6-7).  A treating physician's opinion is entitled to great weight. Williams v, Bowen, 844 F.2d 748, 757-58 (more weight will be given to evidence from a treating physician than to evidence from a consulting physician appointed by the Secretary or a physician who merely reviews medical records without examining the claimant); Turner v. Heckler, 754 F.2d 326, 329 (10th Cir. 1985).  However, a treating physician's opinion may be rejected "if it is brief, conclusory, and unsupported by medical evidence."  Frey v. Bowen, 816 F.2d 508, 513 (10th Cir. 1987).  If an ALJ disregards a treating physician's opinion, he must set forth "specific, legitimate reasons" for doing so.  Byron v. Heckler, 742 F.2d 1232, 1235 (10th Cir. 1984).  In Goatcher v. United States Dep't of Health & Human

Services, 52 F.3d 288 (10th Cir. 1995), the Tenth Circuit outlined factors which the ALJ must

consider in determining the appropriate weight to give a medical opinion.

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

Id. at 290; 20 C.F.R. § 404.1527(d)(2)-(6).

The ALJ's decision fails to discuss or even mention any of the medical evidence or opinions

of Plaintiff's treating physicians, Dr. McKnight, Dr. Zamberlin and Dr. Garton (TR. 14-18).   The

ALJ's scant discussion of the medical evidence from Plaintiff's treating physicians violates the

standards established by Byron and Goatcher and defies judicial review. Thus, remand is

appropriate since the ALJ ignored the medical evidence and opinions offered by Plaintiff's treating

physicians without offering specific, legitimate reasons for doing so.   On remand the ALJ should

offer a meaningful discussion of the medical evidence from Drs. McKnight, Zamberlin and Garton.

The ALJ's error in ignoring the opinions of Plaintiff's treating physicians without adequate

explanation serves to taint step five of the sequential evaluation process, therefore, Plaintiff's

remaining assertions of error will not be addressed.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative

hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned

magistrate judge finds that the decision of the Commissioner is not supported by substantial

evidence and should be **REVERSED and REMANDED for further administrative

proceedings**. The parties are advised of their right to object to these findings and

recommendation within twenty (20) days of the date of the filing hereof, in accordance with 28 U.S.C. §636 and Local Court Rule 72.1 (a). The parties are further advised that failure to make timely objection to these findings and recommendation waives their right to appeal from a judgment of the district court based upon these findings and recommendation. Moore v. United States, 950 F.2d 656 (10th Cir. 1991).

The foregoing Findings and Recommendation disposes of all issues referred to the undersigned magistrate judge in the above captioned matter.


ENTERED this the 14th day of November, 2005.




SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE