**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| WILLIE R. GILES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-04-1650-M |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is plaintiff's Motion for Award of Attorney's Fees and Costs Pursuant to EAJA: 28 U.S.C. 2412, filed December 15, 2005. On December 29, 2005, defendant filed her response.

Pursuant to 28 U.S.C. § 2412, plaintiff moves this Court to award attorney's fees in the amount of $39,850.00. Defendant objects to the amount of attorney's fees requested and asserts that said amount is excessive.

Section 2412 provides, in pertinent part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).[1] Additionally, only "reasonable attorney fees" may be awarded. 28

---

[1] Defendant stipulates that plaintiff is the prevailing party in this case and does not contend that defendant's position was substantially justified or that special circumstances make an award

U.S.C. § 2412(d)(2)(A).

Having carefully reviewed the court file in this case, as well as plaintiff's attorney's billing statement, the Court finds that the amount of attorney's fees requested is not reasonable because the total hours claimed is excessive. Specifically, the Court finds that plaintiff's attorney spent excessive hours researching case law, rules, and regulations; drafting the briefs in this case; copying documents; and preparing unnecessary materials not specific to this case.

"[T]he average number of hours for an attorney to work on a social security case ranges from 30 to 40 hours . . . ." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 420 (6th Cir. 1990). Having carefully reviewed the file in this matter, the Court finds that the instant action is a typical social security case – the transcript in the case is not lengthy, and there were no novel issues presented. Accordingly, the Court finds that plaintiff's attorney's fees should be based upon 40 hours of work, resulting in an award of $5,000.00 (40 hours x $125.00 per hour).

The Court, therefore, GRANTS plaintiff's Motion for Award of Attorney's Fees and Costs Pursuant to EAJA: 28 U.S.C. 2412 [docket no. 23] and AWARDS plaintiff attorney's fees in the amount of $5,000.00.

**IT IS SO ORDERED this 17th day of March, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

unjust.